Judge Mills
delivered the opinion of the court.
This was an action of ejectment, in which the lessee or nominal plaintiff declared on the separate demises of seven different persons, to wit: Philip C. S. Barbour, John D. Sims, Richard Harrison, Richard Stevens, James Cox, Thomas Holt and Joseph H. Holt. On the trial, the plaintiff produced a patent from the commonwealth to Philip Barbour, proved its boundaries, and that the defendant resided within them at the commencement of suit, and that Philip C. S. Barbour, one of the lessors, was son and sole heir of Philip the patentee, who had died many years since, and here the plaintiff rested his proof. The defendant then produced, and offered in evidence, a deed from the said Philip C. S. Barbour, the heir, to four of the other lessors,to wit Richard Stevens, James Cox, Thomas Holt, and Joseph H. Holt for the same land, which deed contained a recital, in sub stance, that Philip Barbour the patentee, had in 1792, conveyed the same tract of land to Richard Townsend Hoe, who had afterwards brought suit in the high court of chancery for the district of Fredericksburgh Virginia to rescind the contract; which court, after the death of Hoe, and a revivor in the name of his heirs, had decreed the contract to be rescinded, and the land to be reconveyed by Hoe’s heirs or devisees to said Philip C. S. Babour, the heir of *291 the patentee, that they had done so and made said conveyance, whereupon the said Philip C. S. Barbour preceeded after their recitals, to convey the same tract to the four lessors aforesaid the same deed. Here the defendant closed his proof, and moved the court to instruct the jury, that the recital contained in said deed, was evidence against the plaintiff, so far as it went to prove title out of Philip C. S. Barbour by shewing that the patentee had conveyed it away; but that the recital, which stated the land to be reconveyed to Philip C. S. Barbour before the execution of the deed offered in evidence, was not evidence against the defendant, he being an entire stranger to to the transaction, and that it was incumbent on the plaintiff to produce the deed so reconveying the land-which instruction the court accordingly gave: and thereto the plaintiff excepted, and also objected to the admission of the deed in evidence, which was overruled, and to this he excepted likewise.
After this, decision, the plaintiff by one of defendant's witness gave evidence conducing to show that Richard Harrison, one of lessors of the plaintiff was one of the heirs of Robert T. Hoe, and that Robert T. Hoe was dead, and then read a deed from said Richard Harrison, A. L. Harrison and John D. Sims, to said Philip C. S. Barbour; whereupon the defendant moved the court to instruct the jury that if they believed the whole of the evidence, they must find for the defendant. This instruction, the court also gave.
The Plaintiff then offered in evidence, a paper, purporting to be a decree of the superior court of chancery of Fredericksburgh. This decree was certified by the clerk, with the seal of the court annexed. With it, the plaintiff introduced a witness, who deposed that the clerk who attested it was clerk of that court, at the date of its attestation-that he, the witness, had seen and read the original decree and he verily believed the one presented to be a copy; but that it had been upwards of a year since he had seen and read the original-that he could not repeat its contents, and had not compared this copy with the original; but that having seen the original, and frequently examined the copy since, he had no doubt this was true copy. The court on the motion of the defendant rejected the decree as evidence, and the plaintiff excepted.
The plaintiff then moved the court to instruct the jury that if the plaintiff had proved to their satisfaction, that *292 Richard Harrison and John H. Hoe, were the heirs of Robert T. Hoe, they should find for the plaintiff to the extent of Harrison’s interest. This instruction was refused, and the plaintiff excepted.
A deed purporting to be a deed from a citizen of Virginia, the acknowledgement, certified by two magistrates of that state, accompanied by the clerk’s certificate & seal of the court that they are magistrates, is a sufficient authentication to admit it to record here, and being so admitted in due time is evidence in favor of the grantees.
After all this evidence and different opinions the plaintiff moved the court to instruct the jury, that there was no legal evidence before them shewing that the legal title to the land in question, had been divested out of Philip Barbour, the patentee, previous to his death, and consequently that it had descended to his son Philip C. S. Barbour. This was repeating one of the questions virtually decided in the first exception, and the court accordingly refused the instruction. A verdict and judgment passed for the defendant; and the plaintiffs appealed to this court, and now by the assignment of error, question the correctness of the foregoing decisions.
The court will first dispose of the decision admitting the deed from Philip C. S. Barbour in evidence. It was first acknowledged before two justices of the peace in Virgina, where the deed states the grantor resided. The clerk certified them to be justices of the peace and thereto annexed the seal of the county. These certificates conformed in substance to the requisitions of the acts of this state regulating conveyances, and under these acts entitled the deed to record here, where it was recorded in due time in the proper office. Although these acts do not declare in so many words that such deeds shall be admitted in evidence without further proof of their execution; yet the well known common law rule, with regard to enrolled deeds, attaches to them, and permits the originals and, in many cases, certified copies to be given in evidence without other proof.
This court can therefore, discover no error in admitting the deed.
The court will next dispose of the decision of that court in rejecting the decree offered in evidence. We do not deem it necessary to enquire whether such a document could be given in evidence, if it had been sworn by the witness to be a true copy, and that he had compared it with the original, for his evidence falls far short of this, and is wholly insufficient to prove the copy correct. And it was the act of the court of a sister state, and lacked the certificate of the presiding judge, that the clerk was clerk, and that his certificate was in due form of law. Under the act of congress it consequently could not be admitted. On whichso *293 ever of these grounds, the question is considered, the court below did right in rejecting it.
A decree in chancery being the act of a court of a sister state, to be evidence should be authenticated according to the statute of the U States—for which vid. 1 Marsh. 69.
A deed containing recitals, some operating for, and others against a grantor, must be taken in teto or rejected, the recitals cannot be garbled.
As to the other decisions and instructions of that court, we cannot see how they can be reconciled with each other. The first, to wit, that the recital in the deed of Philip C. S. Barbour to the other lessors, must be partially taken, or so far as it proved that the patentee had conveyed the land is no doubt based on the supposition that its recital taken thus far proved the title out of Philip C. S. Barbour, the heir and lessor of the plaintiff.
Admit this to be correct, the same evidence which shewed title out of Philip C. S. Barbour would shew it to be in some other person If the evidence did prove the title in some other, in whom did it shew it to be? Certainly in the two Holts, Cox and Stevens, or in Hoe’s heirs. If it was proved to be in the former, they were before the court, and the plaintiff could recover on their demise—if in the latter evidence was given conducing to shew that Harrison was one of the heirs, and on his demise there might, have been a recovery in proportion to the number of heirs proved. How then the decision, that if the jury should believe the whole evidence, they must find for the defendant—of that even if they believed Harrison to be one of the heirs of Hoe, the plaintiff could not recover Harrison’s proportion, can be acquitted of error, this court cannot perceive unless the deed given in evidence by the defendant could be supposed to furnish proof that the title was out of Philip C. S. Barbour, and not in either of the other lessors—or that although proved out of him, was so hidden that its resting place could not be found which is absurd. But this is testing the decisions of the court below, by each other, and admits the supposition that the first decision on the effect of the recital in the deed of Barbour the heir was correct; but even this cannot be granted. The well known rule of evidence that when you give a party’s confessions in evidence you must take all made at the same time; as well that for as against—and that when his acts or declarations in writing are given in evidence to charge him, the whole must be considered together, in principle, governs this case.—Here the defendant gave in evidence, the act and writing of Philip C. S. Barbour against him. The instrument must be read in toto; and no rule known to this court could authorise the defendant to garble it, and take so much as made in his favor, and exclude the rest, when the deed was *294 one entire act—one continued writing. If therefore the recital proved title once out, it in the same breath asserted its return; and therefore its credibility was on that point, equal to the other parts of the history of the title which it details, and part ought not to have been admitted and part excluded. In no possible shape can this court discover any advantage resulting to the defendant, by giving this deed in evidence, so that its production entitled him to such instructions of the court in his favor, as were given on the trial.—The decision of the court below, must therefore to be reversed with costs, and the cause remanded for new proceedings not inconsistent with this oppinion.
Hardin for appellants, B. Hardin, for appellee.
The counsel for the appellee moved the court for a rehearing, which, at a subsequent day, was overruled, and the foregoing opinion ordered to stand unaltered.